UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSE PEREZ DIAZ,

Petitioner,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:26-cv-02262-MMD-DJA

ORDER

## I. SUMMARY

Petitioner Jose Perez Diaz, an immigration detainee challenging his ongoing federal detention at Nevada Southern Detention Center, filed a counseled first amended federal habeas corpus petition under 28 U.S.C. § 2241 (ECF No. 9 ("Petition").)[1] Because the immigration judge ("IJ") abused its discretion in improperly denying bond based on Diaz's supposed dangerousness to the community and failed to have the full proceedings translated into Spanish, the Court grants the Petition and orders Diaz released. Further, as the government attempts to remove Diaz to a third country without due process, the Court enjoins the government from removing Diaz to a third country without providing him with meaningful notice and the opportunity to present a fear-based claim to an immigration judge.

## II. RELEVANT BACKGROUND

Petitioner is a citizen of Nicaragua. (ECF No. 9 at 5.) When he was young, Diaz joined an opposition policial party in Nicaragua. (*Id*. at 6.) He was later severely persecuted for this affiliation and he and his family fled to the United States. (*Id*. at 7.) When he encountered U.S. Border Patrol, he was given discretionary parole and was

[1]Respondents filed a response (ECF No. 11) and Petitioner replied (ECF No. 12).

released from custody. (*Id.*) He then applied for asylum and withholding of removal. (*Id.*)

Diaz was later arrested for a misdemeanor DUI charge and was transferred to ICE custody on March 28, 2026. (*Id.*) He also had a previous DUI conviction. (ECF No. 11-4 at 2.) Diaz received a bond hearing on June 12, 2026. (*Id.*) At the hearing, the IJ denied bond on the basis that Diaz "has one DUI conviction and one pending DUI" and therefore that he had not "met his burden of establishing that he is not a danger to the community." (*Id.*) The IJ also failed to have the full proceedings and the submitted exhibits translated into Spanish. (ECF No. 12 at 15-16.) An IJ granted Diaz withholding of removal on July 17, 2026. (ECF No. 9 at 7.) The government now seeks to remove Diaz to Mexico; he was served a Notice of Removal to Mexico on July 29, 2026, which Diaz refused to sign. (ECF No. 11 at 3.) Diaz was given no other opportunity to present fear-based claim to an IJ related to the Notice of Removal to Mexico. (ECF No. 9 at 17.) Diaz has remained in custody since his March detention. (*Id.* at 7.)

## III. DISCUSSION

### A. Diaz's Bond Hearing

Diaz argues that the IJ's determination that he posed a danger to the community was an abuse of discretion.[2] (ECF No. 12 at 15.) He argues that the IJ failed to consider all evidence relevant to the factors set out in *In Re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), including his extensive familial ties and that he has complied with all orders in immigration court while seeking withholding of removal. (*Id.*) Diaz also argues that the IJ abused its discretion by misconstruing the "seriousness" of Mr. Diaz's criminal history and failing to consider the availability of release conditions. (*Id.*) Diaz further argues that his due process rights were violated because the IJ failed to have the full proceedings of the hearing interpreted into Spanish and the exhibits presented were not translated into Spanish. (*Id.* at 15-16.)

---

[2]Diaz raises this argument in his reply brief. "While the Court generally does not consider arguments raised for the first time in a reply, the Court finds it is in the interests of justice to consider and adopt [Diaz's] argument," especially considering his lengthy seven-month detention. *See Aliber v. Bondi*, No. 2:26-CV-01055-MMD-MDC, 2026 WL 1431111, at *2 (D. Nev. May 21, 2026).

While the Court does not have jurisdiction to review underlying factual determinations by the IJ, the Court retains jurisdiction to review the IJ's application of the law for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 779, 782-83 (9th Cir. 2024) (citing *Wilkinson v. Garland*, 601 U.S. 209, 212-22 (2024)). When deciding whether to release an immigrant on bond, an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). IJs may look to a number of factors in determining whether an immigrant merits release on bond, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* (citation modified).

Here, the IJ's order states only that Diaz has "one DUI conviction and one pending DUI within the last 2 years" as a basis for its decision. (ECF No. 11-4 at 2.) Other district courts in this circuit have found that an IJ abused its discretion in relying on DUIs or DUI charges as the sole basis for denying bond. *See, e.g.*, *Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1118 (S.D. Cal. 2008) (finding the IJ abused its discretion when it relied on "two misdemeanor convictions for DUI and one felony conviction for DUI as the basis for the finding of present dangerousness"); *Sabillon Munoz v. Scott*, No. 2:26-CV-02420-TL, 2026 WL 2694273, at *6-7 (W.D. Wash. Sept. 14, 2026) (finding a single pending DUI charge insufficient to support the IJ's conclusion that the petitioner was a danger to the community). Moreover, the order also doesn't indicate any consideration of Diaz's familial ties to the United States and his compliance with the immigration court's orders. The Court finds that a single, two-year-old DUI conviction and a pending DUI charge, without

consideration of Diaz's broader circumstances, cannot support the finding of dangerousness. *See also Henriquez-Osorio v. Mullin*, No. 2:26-CV-00234-RFB-BNW, 2026 WL 2065444, at *5 (D. Nev. July 16, 2026) (finding that the IJ abused its discretion where "the record did not reflect the seriousness of Petitioner's crimes" and the IJ "did not properly consider the factors set forth in *Guerra* because it assumed the crimes' seriousness"). The Court thus finds that the IJ abused its discretion in finding that Diaz was a danger to the community.

Diaz is further entitled to relief based on his bond hearing because he was denied complete Spanish translations of the proceedings and the exhibits. "A detainee is entitled to a translator for all proceedings." *Mangue v. Blanche*, No. 2:26-CV-00586-CDS-DJA, 2026 WL 1602517, at *4 (D. Nev. June 4, 2026) (citing *Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000) ("It is long-settled that a competent translation is fundamental to a full and fair hearing. If an alien does not speak English, deportation proceedings must be translated into a language the alien understands.")). Because the hearing and exhibits were not properly translated, Diaz was denied the opportunity to fully participate in the hearing and address any of the IJ's concerns about potential dangerousness.

**B. Third Country Removal Procedures**

Diaz also argues that he has a due process right to meaningful notice and the opportunity to present a fear-based claim to an IJ before he is removed to a third country. (ECF No. 9 at 16.) Diaz argues that the government's third-country removal procedures also violate the Administrative Procedures Act and the Immigration and Nationality Act. (*Id*. at 16-17.) "Constitutionally, noncitizens are entitled to notice and an opportunity to be heard on fear-based relief before they are removed to a third country." *Martinez Castellanos v. Blanche*, No. 2:26-CV-1588-ART-CSD, 2026 WL 2280938, at *2 (D. Nev. Aug. 6, 2026). And courts in this district and others have repeatedly found that DHS's third country removal policy violates the constitutional requirements of notice and an opportunity to be heard. *See id*. (collecting cases). Specifically, courts have found that "[a] noncitizen must be given sufficient notice of a country of deportation that, given his

capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation," asylum, or relief under CAT. *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019); *see also Nguyen v. Blanche*, No. 2:26-CV-00186-JAD-BNW, 2026 WL 1021212, at *7 (D. Nev. Apr. 15, 2026) (ICE must "inform the noncitizen that he or she may seek asylum, withholding, and relief under the CAT by filing a motion to reopen with the immigration courts" (internal cites omitted)). Though Diaz was allegedly given a Notice of Removal to Mexico, no ICE or DHS agent offered Diaz an opportunity to present a fear-based claim opposing his removal to a third country. (ECF No. 9 at 17.) Respondents have not argued that this process was provided to Diaz. (*See* ECF No. 11 at 7.) Accordingly, Diaz is entitled to relief on this ground.

The Court rejects Respondents' argument that this Court lacks jurisdiction to decide this issue. Respondents maintain that "after a removal has been lawfully effectuated, the Court has no jurisdiction to adjudicate a reversal of the removal order under 8 U.S.C. § 1252 (g)." (ECF No. 11 at 7.) This argument has been clearly rejected by the Ninth Circuit, which has held that courts have jurisdiction to review a petitioner's purely legal arguments, like those challenging ICE's removal of an immigrant to a country "without providing any process that would have allowed him to present evidence supporting his fear of removal to that country." *Ibarra-Perez v. United States*, 154 F.4th 989, 999 (9th Cir. 2025). Diaz's arguments are likewise purely legal challenges; indeed, courts in this District have repeatedly asserted jurisdiction over such challenges. *See, e.g.*, *Nguyen*, 2026 WL 1021212 at *2, *6–7 (D. Nev. Apr. 15, 2026); *Martinez Castellanos*, 2026 WL 2280938, at *2 (D. Nev. Aug. 6, 2026).

## IV. REMEDY

A district court has equitable discretion "as law and justice require" in remedying unlawful detention in habeas petitions. *Ramirez Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). In similar cases where courts have found that a petitioner's bond hearing was legally inadequate, "district courts have either ordered the petitioner's immediate release . . . or ordered that respondents provide petitioner with a new bond hearing." *See*

*Kumar v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-00035, 2026 WL 2078191, at *6 (E.D. Cal. July 17, 2026) (collecting cases). Here, Diaz has been detained for nearly seven months. And not only was his previous bond hearing inadequate and the finding of dangerousness an abuse of discretion, but the government now seeks to remove him to a third country without adequate process. "While ordering a prompt bond hearing at which the government bears the evidentiary burden by clear and convincing evidence may be an appropriate remedy in some cases, under these circumstances the Court declines to keep Petitioner detained as doing so would offer yet another opportunity for Federal Respondents to violate . . . due process." *Portillo v. Blanche*, No. 2:26-CV-01373-RFB-MDC, 2026 WL 1493876, at *8 (D. Nev. May 28, 2026). Accordingly, the Court finds that immediate release is the appropriate remedy.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that Diaz's Petition (ECF No. 9) is granted. Respondents must immediately release Diaz no later than 5:00 PM on Tuesday, October 6, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Diaz.

It is further ordered that Respondents are enjoined from removing Diaz to any third country without providing him and his counsel with adequate notice of intent to seek removal to a third country and due process in the form of providing him a reasonable opportunity to reopen immigration court proceedings to seek fear-based relief from removal, with a hearing before an immigration judge.

It is further ordered that the parties shall file a joint status report by Wednesday, October 7, 2026 confirming Respondents' compliance with this Order.

DATED THIS 5th Day of October 2026



MIRANDA M. DU
UNITED STATES DISTRICT JUDGE